## Case No. 16,516.

### UNITED STATES v. THROCKMORTON et al.

[8 N. B. R. 309; 1 18 Int. Rev. Rec. 54.]

Circuit Court, W. D. Texas. May 21, 1872.

OFFICIAL BONDS — LIABILITY OF SURETIES — DISCHARGE IN BANKRUPTCY.

1. Suit was brought against defendants as sureties on the bond of a deceased collector of internal revenue. One of the defendants pleaded his discharge in bankruptcy in bar of the ac-

1 [Reprinted from 8 N. B. R. 309, by permission.]

tion, and the court held. that although this defendant was a surety to the government, he was discharged under the bankrupt act, and that the plea was good, this case not coming within the exceptions named in the act.

2. The court construes the fourteenth section of the bankrupt act in relation to contingent debts and liabilities.

At law.

DUVAL, District Judge. This suit was brought on the 21st day of May, 1872, against the defendants, as sureties upon the bond of Robert H. Lane, deceased, given as collector of internal revenue for the Second collection district of the state of Texas. In bar of the action, one of the defendants, William Hooks, has pleaded his discharge in bankruptcy, setting out the same in hæc verba; and the question for decision is whether this defendant, as a surety to the government, is discharged under the bankrupt act. The discharge is dated March 16, 1868. The thirty-fourth section of the act [of March 2, 1867 (14 Stat. 533)] provides "that a discharge duly granted under this act shall (with certain exceptions thereto) release the bankrupt from all debts, claims, liabilities and demands which were or might have been proved against his estate in bankruptcy, and may be pleaded by a simple averment that on the day of its date such discharge was granted to him, setting the same forth in hæc verba, as a full and complete bar to all suits brought on any such debts, claims, liabilities, or demands, and the certificate shall be conclusive evidence in favor of such bankrupt of the fact and the regularity of such discharge." The exceptions referred to. and which the discharge would not bar, are specified in the thirty-third section of the act. It provides "that no debt created by the fraud or embezzlement of the bankrupt, or by his defalcation as a public officer, or while acting in any fiduciary character, shall be discharged under this act; * * * and no discharge granted under this act shall release, discharge, or affect any person liable for the same debt for or with the bankrupt, either as partner, joint contractor, endorsee, surety, or otherwise." Now, does the case of the defendant. Hooks, fall within any of these exceptions? I think not. He has committed no defalcation as a public officer, because he held no office; neither as a surety for the collector, can he be regarded as acting in a fiduciary character. If the defendant has committed no defalcation as a public officer, and was not acting in a fiduciary capacity (which, in my judgment. he was not,) no other portion of the exceptions specified in the act can have any possible application to his case.

That the discharge is a bar in this case. is further apparent to my mind by a consideration of the fourteenth section of the act. It is therein provided "that if the bankrupt shall be bound as owner. endorsee. surety, bail or guarantor upon any bill, bond, note. or any other speciality or contract, or for any debt of another person, and his liability shall not have become absolute until after the adjudication of bankruptcy, the creditor may prove the same after such liability shall have become fixed, and before the final dividend shall have been declared. In all cases of contingent debts and contingent liabilities contracted by the bankrupt, and not herein otherwise provided for, the creditor may make claim therefor, and have his claim allowed, with the right to share in the dividends, if the contingency shall happen before the order for the final dividend; or he may at any time apply to the court to have the present value of the debt or liability ascertained and liquidated, which shall then be done in such manner as the court shall order, and he shall be allowed to prove for the amount so ascertained." My construction of this provision is, that where the payment of a debt cannot be enforced until the happening of some contingency, such debts, being readily estimated, may be proved; or if the extent of a liability depends on the happening of a contingency, and such contingency is reasonably certain to happen before final dividend, the court may, by some method, determine the value to be placed by the claimant on such value, and admit him to prove it. But in this case the contingency did not happen before the final dividend; or, if it did, the government made no effort to have the value of the liability ascertained, or to prove it in the bankrupt court. A final dividend was made and the defendant discharged nearly four years before the bringing of this suit. To this hour the extent of the liability of the sureties on Lane's bond is undetermined. and can only be fixed by judicial determination yet to be had.

I am unable to see. either from any provisions of the bankrupt act, or any principle of general law, that the government is excepted out of the provisions of the bankrupt law making the discharge in this case a bar to the action. My opinion on this subject is sustained by Judge McLean in the case of U. S. v. Davis [Case No. 14,929].

The plea in bar is sustained. and the case dismissed as to defendant, Hooks.